### SEISLER v. JOLINE et al.

(Supreme Court, Appellate Term. December 22, 1909.)

STREET RAILROADS (§ 114*)—INJURY TO BOY IN COLLISION WITH CAR—EVIDENCE OF HIS DUE CARE—SUFFICIENCY.

In an action for injuries to a boy who was struck by one of the horses drawing a street car when attempting to cross a street, evidence *held* insufficient to show that he exercised the degree of care that might be reasonably expected of him.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 249; Dec. Dig. § 114.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Seisler against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Masten & Nichols (Anthony J. Ernest, of counsel), for appellants. Charles Frankel, for respondent.

LEHMAN, J. Viewing the testimony in the light most favorable to the plaintiff, it appears that on a bright day at noon he attempted to cross Delancey street near the corner of Attorney street; that he then crossed the first track, and, when he reached the second rail, his way was blocked by a slow going east-bound car; that he had not looked towards the west before leaving the sidewalk and had not seen this car, although there were no other vehicles about; that he continued to stand at the second rail waiting for this car to pass, and paying no attention to the west-bound car until he was struck by one of its horses. There is no testimony that would tend to show why the boy did not see the car approaching from the west, and no excuse is offered for his failure to look in both directions before leaving the sidewalk. No testimony explaining why the boy should have remained in the path of a car which he knew was approaching, instead of standing between the tracks, was offered. The plaintiff was a boy of 12 years, apparently, at least, normal, in the sixth grade of the public schools, and upon this testimony he has certainly failed to show that he exercised the degree of care that might reasonably be expected of a boy of his age and faculties.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes